



JUL 0 7 2010

Clerk, U. S. District Court
Eastern District of Tennessee
~~At Knoxville~~

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RAY A. MCBRYAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-CV-295 |
| ) | Phillips/Shirley |
| MIDLAND FUNDING LLC, ) | |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC., and ) | Jury Trial Demanded |
| BERNICE THELL, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. The FDCPA broadly prohibits the use by debt collectors of any false, deceptive, or misleading representation or means in connection with the collection of a debt and the use by a debt collector of any unfair or unconscionable means to collect or attempt to collect a debt. *Frey v. Gangwish*, 970 F.2d 1516, 1518 (6th Cir. 1992).

### II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## III. PARTIES

5. Plaintiff Ray A. McBryar (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Midland Funding LLC (hereinafter "Defendant Midland") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7. Defendant Midland is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumer.

8. On information and belief, Defendant Midland pays less than ten cents on the dollar for the debts it purchases.

9. Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Kansas, and a collection agency operating from an address of 16 McLeland Road, St. Cloud, MN 56303 and other locations, and may be served through its agent for service of process at Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611.

10. Defendant Bernice Thell (hereinafter "Defendant Thell") is a natural person who is employed by Defendant MCM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 16 McLeland Road, Suite 101, St. Cloud, MN 56303, or her home address.

## IV. FACTUAL ALLEGATIONS

11. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of

the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill originally owed to or serviced by Bank of America, N.A., and which is allegedly owed in the amount of approximately $3,148.00.

12. Sometime prior to August 21, 2009, Plaintiff's debt was sold or otherwise transferred to Defendant Midland for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *Civil Warrant and Affidavit*

13. Within one year prior to the filing of this Complaint, a Civil Warrant and Affidavit filed in the General Sessions Court of Knox County, Tennessee was caused to be served on the Plaintiff. A redacted copy of the Civil Warrant and Affidavit are filed as Exhibit 1 to this Complaint.

14. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

15. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

16. On April 14, 2010, Plaintiff filed a Sworn Denial in the state court collection lawsuit stating that he had not entered into any agreement with Defendant Midland for the repayment of debt or otherwise.

17. On or about May 4, 2010, Defendant Midland moved the Knox County General Sessions Court to non-suit the case.

18. Upon information and belief, these communications by Defendants were made knowing that they could not establish that Plaintiff owed the debt.

19. Upon information and belief, Defendants have engaged in a pattern and practice of routinely filing unsubstantiated state court collection lawsuits in the hope of obtaining a default judgment.

20. Upon information and belief, Defendants have no intention to pursue the claims in their state court collection lawsuits if challenged, ceasing collection activities if the account is disputed.

21. The filing of the state court collection lawsuit against Plaintiff by Defendants continued a pattern and practice by Defendants of routinely filing unsubstantiated state court collection lawsuits in the hope of obtaining a default judgment without conducting an adequate investigation of the debt before filing the lawsuit, knowing that they could not establish that Plaintiff owed the debt, with no intention of pursuing the claims if challenged and ceasing collection activities if the account is disputed, in violation of 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken or that is not intended to be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Use of False Affidavit to Collect Debt*

22. The Affidavit filed in the state court collection lawsuit in connection with the collection of the debt and in an attempt to collect the debt was signed under penalty of perjury by Defendant Thell.

23. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2), and was filed and served in connection with collection of the debt.

24. Defendant Thell, who authored the Affidavit on September 1, 2009, swore "under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge":

   (a) "I am employed as a Specialist and am a custodian of records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff."

   (b) "I . . . make the statements herein based upon personal knowledge of the recordkeeping systems maintained on plaintiff's behalf."

   (c) Defendant Midland "is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's BANK OF AMERICA, N.A. account." (all caps in original)

   (d) "I have possession of the books and records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf."

   (e) "I am familiar with the manner and method by which MCM creates and maintains its normal business books and records. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. The record or compilation was made at or near the time of the act or event, or reasonably soon thereafter."

(f) "The account shows that the defendant(s) owe(s) a balance of $3,148.00; and such balance will continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as required by law."

(g) "MCM's business records do not indicate that the defendant is an infant or an incompetent person."

25. Upon information and belief, Defendant Thell did not review any records of the originator of this debt to be able to determine the correct amount of debt that was owed by Plaintiff, if any, prior to signing the Affidavit.

26. Upon information and belief, Defendant Thell did not have access to any of the records of the originator of this debt to be able to determine the correct amount of debt that was owed by Plaintiff, if any, prior to signing the Affidavit.

27. Upon information and belief, the only records held by Defendant Midland or Defendant MCM at the time Defendant Thell signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

28. Upon information and belief, the only records that Defendant Thell reviewed prior to signing the Affidavit were the computer records of Defendant Midland or Defendant MCM.

29. Upon information and belief, Defendant Thell's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted.

30. Upon information and belief, form affidavits, such as the one shown in Exhibit 1 to this Complaint, are generated automatically by a Defendant Midland or Defendant MCM computer upon request and are routinely provided to Defendant Midland or Defendant

MCM employees such as Defendant Thell who sign hundreds of these each day with no personal knowledge of any of the facts asserted.

31. Upon information and belief, after Defendant Thell and the other Defendant Midland or Defendant MCM employees place their signature on the affidavits, they are given to another employee of Defendant Midland or Defendant MCM to notarize.

32. Upon information and belief, Defendant Thell and the other Defendant Midland or Defendant MCM employees do not personally appear before the notary and their signatures on the affidavits are not witnessed by the notary.

33. Upon information and belief, Defendant Midland and Defendant MCM filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a deceptive and misleading Affidavit as the only evidentiary basis to support their claims.

34. The attestations made by Defendant Thell in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, without any personal knowledge as to the truth of the statements, were made in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

35. Upon information and belief, Defendants Midland and MCM have engaged in a pattern and practice of filing lawsuits knowingly using affidavits signed by persons who lack personal knowledge of the matters attested to.

36. Upon information and belief, Defendants Midland and MCM use virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendants Midland and MCM and to which their employees and/or agents have no personal knowledge.

37. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Thell who lacked personal knowledge of the matters asserted to and which alleged facts not in possession of Defendants, Defendants violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Summary*

38. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, using false representations or deceptive means to collect or attempt to collect the debt, and using an unfair means to collect or attempt to collect a debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

39. The acts and omissions of Defendants MCM, Thell and the other debt collectors employed as agents by Defendant Midland and who communicated with Plaintiff as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Midland.

40. The acts and omissions by Defendants MCM, Thell and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Midland in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, Defendants MCM, Thell and the other debt collectors were motivated to benefit their principal, Defendant Midland.

42. Defendant Midland is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Midland including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## V. TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

46. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/07/10                          Respectfully submitted,

                                  **RAY A. MCBRYAR**

                                  _____
                                  Alan C. Lee, Esq.
                                  Attorney for Plaintiff
                                  BPR #012700
                                  P. O. Box 1357
                                  Morristown, TN 37816-1357
                                  (423) 581-0924
                                  info@alanlee.com

11
Case 3:10-cv-00295   Document 1   Filed 07/07/10   Page 11 of 12   PageID #: 11

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF KNOX )

Plaintiff Ray A. McBryar, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 6-28-10     By: _____
                      Ray A. McBryar

Subscribed and sworn to before me this _____ day of _____ 2010.

_____
Notary Public

Com epire 11-04-20__

12